### VICKERY v. STEMM et al.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

PARTNERSHIP (§ 108*)—ACTION BETWEEN PARTNERS—ACCOUNTING.

　　Where plaintiff and defendant agreed to turn all their earnings into a reporting company and divide the net profits, 60 per cent. to defendant and 40 per cent. to plaintiff, before plaintiff could recover the proceeds of work done under such arrangement, he was required to show an accounting and profits in the possession of the company.

　　[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 157, 158, 160, 162–166; Dec. Dig. § 108.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Miles S. Vickery against Ralph A. Stemm and the Shorthand Reporting Company. Judgment for plaintiff, and defendants appeal. Reversed, plaintiff's complaint dismissed, and judgment rendered for defendants for $23.30.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Raeburn W. Jenkins, of New York City, for appellants.
Philip B. Adams, of New York City, for respondent.

GERARD, J. The plaintiff, a shorthand reporter, brought action against the defendant, and testified that he had done work in reporting the annual meeting of the National Fireproofing Company and the meeting of the Cathedral League; that the National Fireproofing Company had paid $142 to the defendants, and the Cathedral League $10; and that these two amounts belonged to the plaintiff, and should be paid over to him. The defendant Stemm proved a counterclaim existing in his favor against the plaintiff for moneys loaned, amounting to $23.30.

The uncontradicted facts show that plaintiff entered into an arrangement with Stemm by which plaintiff and defendant Stemm were to turn all their earnings into the Shorthand Reporting Company, and they were to divide the net profits, 60 per cent. to Stemm and 40 per cent. to plaintiff. Plaintiff himself wrote to the National Fireproofing Company as representing the Shorthand Reporting Company. Before the plaintiff can recover, there must be an accounting had to determine what the net profits of the business were. Plaintiff's recovery here cannot be sustained on any theory. Plaintiff's complaint should be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

dismissed, and defendant Stemm should have judgment against the plaintiff for the sum of $23.30.

Judgment reversed, with costs, and complaint dismissed, and judgment directed in favor of defendant Stemm for $23.30. All concur.